940 F.2d 677
 21 U.S.P.Q.2d 1557
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Barry SEWARD, Paul Woolman, Kevin C. Pope, Digby R.
Redshaw, Malcolm B. Hastings and Malcolm D.N. Withnall.
 No. 91-1113.
 United States Court of Appeals, Federal Circuit.
 July 24, 1991.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 CLEVENGER, Circuit Judge.
 
 
 1
 Applicants appeal from a decision of the United States Board of Patent Appeals and Interferences (Board), Appeal No. 90-0537, affirming the rejection of claims 55-85 in Appl. Serial No. 06/823,834 as unpatentable under 35 U.S.C. Sec. 103 (1988). We affirm.
 
 OPINION
 
 2
 At the outset, we note that this Court reviews an obviousness determination by the Board de novo, In re De Blauwe, 736 F.2d 699, 703, 222 USPQ 191, 195 (Fed.Cir.1984), but reviews its factual findings under the clearly erroneous standard. In re Caveney, 761 F.2d 671, 674, 226 USPQ 1, 3 (Fed.Cir.1985).
 
 
 3
 The Board adopted the examiner's reasoning as its own. Although the applicants separately argued the patentability of claims 55-85 before us, the examiner considered all these claims to stand or fall together, because the applicants did not preserve separate arguments under 37 C.F.R. Sec. 1.192(c)(5) (1990). Therefore, on appeal, the patentability of claims 55-85 rises and falls with the patentability vel non of claim 55. In re Dillon, 919 F.2d 688, 692, 16 USPQ2d 1897, 1900 (Fed.Cir.1990) ("[i]t is not the practice of this court to review claims that an applicant has not separately argued at the Board level, because, inter alia, we lack the benefit of the Board's reasoned decision on the separate patentability of those claims").
 
 Claim 55 reads:
 
 4
 55. A sealed beverage package containing a product to provide a beverage when contacted with an aqueous medium comprising:
 
 
 5
 substantially air- and water-impermeable flexible sheet material formed into a sachet having a pair of opposed generally planar surfaces,
 
 
 6
 a filter material within the air- and water-impermeable sheet material,
 
 
 7
 said product being retained within said filter material,
 
 
 8
 a nozzle being in sealing engagement with said sachet and extending exteriorly thereof at an edge of said sachet for positively locating with an aqueous medium-introducing means in sealing engagement with said sachet,
 
 
 9
 said air- and water-impermeable sheet material extending beyond said filter material in a direction remote from said nozzle whereby a chamber is formed below a region where said filter material supports said product,
 
 
 10
 the arrangement being such that, when in use, with said generally planar surfaces being vertical, with said nozzle at the top, and said aqueous medium-introducing means in sealing engagement with said nozzle, aqueous medium introduced into said sachet through said nozzle is directed in a downward direction to contact said product retained in said sachet therebelow to produce a beverage which passes through said filter material and is extracted from said sachet through outlet means created in said chamber in use.
 
 
 11
 The examiner rejected claim 55 as obvious in view of U.S. Patent 3,615,708 (Abile-Gal), French Patent 2,228,374 (Tchakirian), U.S. Patent 4,415,085 (Clarke), U.S. Patent 3,499,578 (O'Neal), U.S. Patent 2,783,704 (Liebelt '704), U.S. 2,905,075 (Liebelt '075), and U.S. Patent 3,292,527 (Stasse).
 
 
 12
 The examiner found that Abile-Gal discloses a sealed package in which a beverage is made when contacted with water. A beverage-producing product, such as coffee, is retained within a porous filter fixed inside a sealed external casing in the shape of a bag. Abile-Gal teaches making the sealed bag-like external casing of an air and water impermeable flexible material such as plastic, in a manner such that a chamber is formed below the beverage-containing filter. The package has opposed, generally planar surfaces, and fits the diameter of a standard coffee cup. During use, the sealed top and bottom regions of the package are torn or cut to allow entry and exit of liquid.
 
 
 13
 Tchakirian discloses the combination of a bag of impermeable material, a filter material disposed within the bag, a beverage-producing product on the filter material, and an integral nozzle for introduction of liquid into the bag. Clarke teaches the use of a nozzle, equipped with flanges for sealing, to introduce a liquid into a bag for reconstituting dry medicines. O'Neal discloses a beverage dispensing system in which a bag is provided with a fitting for connection to a nozzle that delivers water into the bag. Liebelt '704, and its divisional, Liebelt '075, disclose a beverage maker in which a quantity of fluid is discharged through a nozzle into a cartridge that contains fluid-soluble ingredients. Stasse teaches the treatment of a beverage substance enclosed in a prefabricated cartridge with water.
 
 
 14
 The examiner's position was that the device of Abile-Gal differs from the beverage package of claim 55 only by lacking a nozzle in sealing engagement with the package. In Abile-Gal, liquid entry into the beverage package is permitted through an opening formed by tearing or cutting the sealed top, whereas in claim 55, liquid entry is allowed through a nozzle in sealing engagement with the package. We detect no clear error in the examiner's finding that, but for the recited nozzle, the device disclosed in Abile-Gal meets every limitation of claim 55.
 
 
 15
 The examiner relied on Tchakirian, Clarke, O'Neal, Liebelt '704, and Liebelt '075 for the proposition that it was conventional in the art to employ a nozzle for the purpose of introducing a liquid into a bag. Moreover, the examiner relied on Clarke and O'Neal as teaching that it was "old to provide the nozzle in sealing engagement with a bag (as opposed to providing integral nozzles)." Stasse was applied by the examiner "as further evidence of a beverage package with an inner filter material." We find no clear error in the factual findings made by the examiner with respect to these references.
 
 
 16
 The applicants argue that there was nothing in the cited prior art to "suggest the desirability, and thus the obviousness, of making the combination" of a nozzle to the flexible beverage package disclosed in Abile-Gal. Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co., 730 F.2d 1452, 1462, 221 USPQ 481, 488 (Fed.Cir.1984). However, after reviewing the above references, we conclude that the examiner's finding, that it was conventional in the art to substitute a nozzle for a torn opening to achieve the introduction of a liquid into a bag, was not clearly erroneous. The interchangeability of a nozzle and an open top for this purpose follows from the commonality of nozzles on other fluid-receiving bags. Therefore, we conclude that a nozzle and a torn opening would have been obvious alternative means for introducing water into a bag, and the device claimed by applicants, which is achieved by making this substitution in the Abile-Gal device, would have been obvious under 35 U.S.C. Sec. 103.
 
 
 17
 We have duly considered and rejected each of the applicants' other arguments. Accordingly, we affirm the decision of the Board.